UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

CAROL A. BATES, )
)
    Plaintiff, )
)
v. ) CIVIL NO. 2:11cv361
)
CAROLYN COLVIN, ACTING )
COMMISSION OF SOCIAL SECURITY )
)
    Defendant. )

## OPINION AND ORDER

This matter is before the court on a "Motion for Attorney's Fees under the Equal Access to Justice Act", filed by the plaintiff, Carol Bates on February 12, 2014. The Commissioner filed his response on April 23, 2014, to which the plaintiff replied on April 29, 2014.

For the following reasons, the plaintiff's motion for fees will be granted.

## Discussion

The plaintiff has submitted a request for fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, alleging that the Commissioner's position was not "substantially justified" and that plaintiff is a prevailing party under the EAJA.

Plaintiff applied for disability insurance and Supplemental Security Income benefits and was found not disabled or eligible for benefits by the Social Security Administration. Plaintiff went through the administrative appeals process, eventually being found not disabled in a decision by an Administrative Law Judge dated July 21, 2010. The Appeals Council denied plaintiff's appeal leaving the ALJ's decision as the final decision of the Commissioner. Plaintiff filed a Complaint in this Court pursuant to 42 U.S.C. § 405(g) for judicial review of the Commissioner's final decision. On August 20, 2012, this Court affirmed the Commissioner's

decision to find plaintiff not disabled. Plaintiff filed a Notice of Appeal to the Seventh Circuit. The matter was fully briefed and oral argument was held on September 26, 2013. Plaintiff was represented by The Law Offices of Barry A. Schultz, P.C. at both the District Court and the Court of Appeals stages of review. On December 2, 2013 the United States Court of Appeals for the Seventh Circuit issued an opinion which reversed and remanded the final decision of the Commissioner. *See Bates v. Colvin*, 736 F.3d 1093 (7th Cir. 2013). Under *Shalala v. Schaefer*, 509 U.S. 292, 300-301 (1993), Plaintiff is a prevailing party by virtue of the remand order of the Court of Appeals.

When the Commissioner's decision is reversed by the Court of Appeals the focus of the EAJA review should be on the decision handed down by the Court of Appeals. *Smith ex rel. Smith v. Apfel*, 2001 WL 199505, *3, (N.D. Ill. 2001), citing *United States v. Paisley*, 957 F.2d 1161, at 1167 (4th Cir. 1992) (The decision of the Court of Appeals on the merits, and more importantly, its rationales, "are the most powerful available indicators of the strength, hence reasonableness, of the ultimately rejected position."). In *United States v. Thouvenot, Wade & Moerschen, Inc.*, 596 F.3d 378, 384 (7th Cir. 2010), the Court of Appeals addressed the question of how a District Court is to view an EAJA motion for a case in which the District Court affirmed the Commissioner's decision:

> A district judge who has been reversed for ruling against the party that the court of appeals decides should have prevailed must be careful not to let his superseded view of the merits color his determination of whether there was a substantial justification for the government's position. *United States v. Real Property at 2659 Roundhill Drive*, 283 F.3d 1146, 1152-53 (9th Cir.2002); *Friends of Boundary Waters Wilderness v. Thomas*, 53 F.3d 881, 885-86 (8th Cir.1995); *Oregon Natural Resources Council v. Madigan*, 980 F.2d 1330, 1332 (9th Cir.1992). He must accept the appellate court's view of the merits as the premise for evaluating the government's position. Our view might be that it was a close case-that the

government's position, though the district judge should in the end have rejected it, was substantially justified. *See United States v. Paisley, supra*, 957 F.2d at 1167-68. But if it is apparent from our opinion that we think the government lacked a substantial justification for its position, though the judge had thought it not only substantially justified but correct, he must bow.

The Plaintiff contends that Seventh Circuit made it clear the Court did not consider this a "close case", which thus warrants an award of EAJA fees in this matter. The Commissioner, in opposition to the motion for fees, relies heavily on this court's decision which affirmed the ALJ's decision. However, as noted above, it is the reasoning of the Seventh Circuit that prevails when deciding the instant motion for fees.

Plaintiff claims that the position of the Commissioner was not substantially justified. *See* 28 U.S.C. § 2412(d)(1)(B). The "position of the United States" includes the action of the agency leading to the litigation. 28 U.S.C. § 2412(d)(2)(D). Moreover, the burden of proof is on the Government to prove it was "substantially justified" in law and fact at both the administrative and court stages of adjudication. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Commissioner, I.N.S. v. Jean*, 110 S. Ct. 2316, 2319 n.6 (1990); *Cummings v. Sullivan*, 950 F.2d 492, 497 (7th Cir. 1991). Substantial justification means "'justified in substance or in the main' -- that is, justified to a degree that could satisfy a reasonable person." *Underwood*, 487 U.S. at 565.

In *United States v. Hallmark Construction Company*, 200 F.3d 1076, 1080 (7th Cir. 2000), the Court of Appeals described the substantial justification standard as requiring that the government show that its position was grounded in (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory propounded. *Accord Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). "EAJA fees may be awarded if either the government's

3

prelitigation conduct or its litigation position are not substantially justified. However, the district court is to make only one determination for the entire civil action." *Id.* Thus, EAJA fees may be awarded where the government's prelitigation conduct was not substantially justified despite a substantially justified litigation position. *Id.* A decision by an Administrative Law Judge ("ALJ") constitutes part of the agency's pre-litigation conduct. *Sutton v. Chater*, 944 F. Supp. 638, 639 (N.D. Ill. 1996).

The plaintiff argues that the Commissioner's lack of substantial justification in the pre-litigation action of the Agency is shown by the language used by the Court of Appeals in reversing the ALJ's decision. The Court of Appeals held that the ALJ

> cherry-picked [statements] from the record, selected without consideration of the context in which they appear. An ALJ cannot rely only on the evidence that supports her opinion. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir.1994). And while an ALJ need not mention every piece of evidence in her opinion, she cannot ignore a line of evidence that suggests a disability. *Jones*, 623 F.3d at 1162.

*Bates v. Colvin*, 736 F.3d 1093, 1099 (7th Cir. 2013). The Seventh Circuit found that the ALJ selected excerpts of treatment notes from multiple doctor visits which characterized Plaintiff as having "relevant thought processes" and "fair insight and judgment" *Id.* However, the Court found that these statements were actually accompanied by detailed treatment notes that stated Plaintiff was "tearful, anxious and isolated, suffering from insomnia, depressed, and had a constricted affect . . . suffering from mood swings, was extremely sad, had suicidal ideation about a month prior, and had a global assessment of functioning (GAF) score of 42." *Id.* Her treating psychiatrist diagnosed her with bipolar disorder type II. *Id.* "These findings are not 'essentially normal,' but reveal a claimant struggling with serious mental health issues." *Id.*

The Plaintiff asserts that the errors in the ALJ's decision concerning the

mischaracterization of the evidence is sufficient to find that the Commissioner's position was not substantially justified. However, the Plaintiff also points out that the Court of Appeals reversed the ALJ for another reason as well. That is, the Court of Appeals further found that the ALJ improperly rejected the opinions of Plaintiff's treating physicians because "'Dr. Shahzaad had been treating the claimant for only 3 months and noted fair ability in most areas.' Neither of these are the 'good reasons' an ALJ must provide in order to discount a treating physician's opinion. *See Martinez v. Astrue*, 630 F.3d 693, 698 (7th Cir.2011)." *Id.* at 1101. The Court found the only evidence on record of Plaintiff's mental health was that of treating doctors and testimony of Plaintiff herself. *Id.* at 1100. Treatment notes from her psychiatrist and her primary physician were consistent and corroborated by Plaintiff's own testimony. *Id.*

> The state agency examining and consultative physicians did not examine Bates for psychological illness; at the time they reviewed her record, Bates had only seen a therapist briefly after the death of her fiancé. While Bates did bear the burden of producing evidence of her impairments, if the ALJ thought this evidence insufficient-as she apparently did-it was her responsibility to recognize the need for additional evaluations. *Scott v. Astrue*, 647 F.3d 734, 741 (7th Cir.2011). . . . Moreover, the fact that Dr. Shahzaad noted fair ability in most areas does not qualify as a good reason for discounting his opinion. It is unclear from the ALJ's opinion what she meant by this statement. The statement could be interpreted to mean that she thought Dr. Shahzaad's estimations were overly skeptical of Bates's ability to work. Alternately, it could mean that she thought a "fair" prognosis meant Bates's mental problems did not really affect her ability to work. Without knowing what the ALJ meant by this statement, we cannot affirm on this ground. *See Roddy*, 705 F.3d at 637; *see also Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir.2002) (where opinion is "so poorly articulated as to prevent meaningful review," case must be remanded).

*Id.* at 1101.

Plaintiff contends that this evaluation establishes that the pre-litigation position of the Commissioner, the ALJ's decision, did not have a reasonable basis in law and fact and therefore

was not substantially justified. The ALJ failed to properly evaluate the evidence and instead "cherry-picked" statements that supported a finding of "not disabled." That alone shows that the ALJ did not follow the Commissioner's own regulations[1] and established legal precedent. The additional error of improperly discounting the opinions of Plaintiff's treating doctors concerning Plaintiff's mental health, in favor of relying on a consultative doctor's report that did not include a mental health evaluation, further provides significant evidence that the Commissioner's pre-litigation position was not substantially justified.

When an ALJ's decision runs contrary to the Commissioner's own regulations, and where the Commissioner's litigation position defends that decision by arguing contrary to the regulations, the Commissioner's position is not substantially justified. *Golembiewski*, 382 F.3d at 724;. *See Thompkins v. Astrue*, 2011 WL 3325795, *2 (N.D. Ill. 2011) (awarding EAJA fees, noting that the ALJ's failure to comply with the mandate of SSR 96-2p and 20 C.F.R. 404.1527 in weighing a treating doctor's opinion rendered the ALJ's decision not substantially justified.) *Accord Campbell v. Astrue*, 2011 WL 3236050 (N.D. Ill. 2011)(awarding EAJA fees where the 7th Circuit found the ALJ improperly considered some portions of the treating physician's opinion while ignoring other portions); *Santoro v. Astrue*, 2011 WL 1672038 *3 (N.D.Ill. 2011).

---

[1] The Seventh Circuit noted that the "treating physician rule" does not apply to RFC determinations by physicians, and that the extent of what a claimant can do despite her limitations is committed to the exclusive discretion of the ALJ. 20 C.F.R. Section 404.1545(a)(1); 20 C.F.R. Section 404.1527(d). However, the Seventh Circuit further noted that statements within a document labeled as an RFC that do not state what a claimant can or cannot do in a given day constitute a treating physician's opinion to which the ALJ must defer. 20 C.F.R. Section 404.1527(a)(2). Thus, reasoned the Seventh Circuit, although the ALJ need not defer to a doctor's opinion about a claimant's ability to work, it still cannot ignore the doctor's opinion when determining a claimant's RFC. *Bates v. Colvin*, 736 F.3d 1093, 1100 n.4 (7th Cir. 2013).

Where legal error results in reversal of the ALJ's decision and where such legal error is contrary to "clearly established statutory and court precedent," the Commissioner's position before the agency is not substantially justified. *Pierce v. Underwood*, 487 U.S. 552, 5612 (1988); *Stewart v. Astrue*, 561 F.3d 679, 685 (7th Cir. 2009); *Golembiewski*, 382 F.3d at 724; *Reese v. Sullivan*, 925 F.2d 1395, 1397 (11th Cir. 1991); *Washington v. Heckler*, 756 F.2d 959, 962 (3rd Cir. 1985)

This court holds that the Commissioner's position was not substantially justified as it did not have a reasonable basis in law and fact, being contrary to the Commissioner's own regulations and established precedent, as determined by the Seventh Circuit in its remand order. Therefore, an award of EAJA fees is warranted.

Plaintiff moves this Court to grant EAJA fees and costs in the total amount of $27,484.49. The breakdown is as follows (as per the two itemizations of time, attached as Exhibits.) District Court time: 52.3 hours at an hourly rate of $182.00 per hour for a total of $9,518.60 and costs in the amount of $159.96. Court of Appeals time: 88.9 hours at an hourly rate of $184.88; for a total of $16,435.83, and costs in the amount of $80.10; and combined legal assistant time of 5.6 hours at $95.00 per hour for a total of $532. These rates represent the cost of living adjustments allowed by statute [28 U.S.C. Section 2412 (d)(2)(A)(ii)] when employing the "All items" figure provided by the Consumer Price Index. Plaintiff also requests compensation for time spent preparing this motion, as is allowed under the EAJA. *See Commissioner, I.N.S. v. Jean*, 496 U.S. at 161-64. Additionally, Plaintiff requests 758.00 for the 4.1 hours spent drafting the EAJA reply brief, at a rate of $184.88 per hour.

The Commissioner has not contested the attorney fee rates or hours charged. The court

7

has reviewed the time sheets and affidavits submitted by the Plaintiff and finds it appropriate to award all fees and costs as requested.

## Conclusion

On the basis of the foregoing, the Plaintiff's motion for fees and costs is hereby granted in its entirety.

Entered: June 13, 2014.

s/William C. Lee
William C. Lee, Judge
United States District Court